**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO FRANCISCO PASCUAL, a.k.a. Samuel Lopez, a.k.a. Pasquel Pedro-Francisco,<br><br>          Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 12-72869<br><br>Agency No. A095-724-631<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Pedro Francisco Pascual, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The record does not compel the conclusion that Pascual established extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5). Accordingly, Pascual's asylum claim fails.

Substantial evidence supports the agency's finding that Pascual's experiences with the guerrillas did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel a finding of past persecution). Substantial evidence also supports the agency's finding that Pascual did not establish a clear probability of future persecution because the civil war has ended and his family remains unharmed. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (fear not objectively reasonable because family returned without incident and country conditions had changed). The BIA found that Pascual did not testify before the IJ about his fear of gangs, and so it did not consider the new arguments he made about fearing gangs. Pascual does not challenge the BIA's determination. *See*

*Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived). Thus, Pascual's withholding of removal claim fails.

Further, substantial evidence also supports the agency's denial of CAT relief because Pascual failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, contrary to Pascual's contention, the BIA did not issue a streamlined decision. We reject Pascual's due process contention that the BIA failed to provide a reasoned explanation for its decision. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**